UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No. 22-CR-20504

vs.                                      Hon. Paul D. Borman

AWS MOHAMMED NASER,

        Defendant.

_____/

**STIPULATION AND PROTECTIVE ORDER**

      It is hereby stipulated and agreed by the parties and their respective counsel, as follows:

      1.  Discovery in the above-entitled case encompasses various reports, videos, recoredings, photographs, phone and cloud downloads, interviews, and on-line communications and postings by the defendant and unindicted co-conspirators, among other materials.

      2.  The Discovery Materials ("Discovery Materials") to be produced were obtained by way of a law enforcement investigation, including ongoing undercover operations, open source searches, search warrants, and other legal process. Some of these materials, including the search warrant affidavits, provide specific details about sources and methods of ongoing law enforcement investigations into individuals other than the defendant as well as personal identifying information.

      3.  The FBI obtained 7 search warrants ("Search Warrant Materials") in the Eastern District of Michigan for various locations, including the defendant's home, cellular

1

telephones, computers, and other electronic media. These search warrants remain under seal. The United States requests that the Court allow disclosure of the sealed Search Warrant Materials, to counsel for defendant, James Gerometta and Amanda Bashi. The government will provide counsel with the documents filed pertaining to these search warrants. No action is required by the Clerk's Office at this time, and the government requests that the Search Warrant Materials remain sealed on the ECF system.

    4. This Court may for good cause subject criminal discovery to a protective order under the Federal Rules of Criminal Procedure and its general supervisory authority. Federal Rule of Criminal Procedure 16(d)(1) expressly authorizes the Court to issue protective orders: "At any time, the court may for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. Courts have held that there is good cause to enter a protective order under Rule 16(d) where the discovery at issues reveals details, sources, and methods of on-going law enforcement investigations." See e.g. United States v. Panas, 738 F.2d 278, 285-86 (8th Cir. 1984); United States v. Smith, 985 F.Supp. 2d 506, 531 (S.D.N.Y. 2013).

    5. The Discovery Materials in this case are classified as either "General Discovery Materials" or "Sensitive Discovery Materials." Broadly, Sensitive Discovery Materials include but are not limited to the following: the personal identifying information of any person, including financial account numbers, other than the defendant; any information that would reveal ongoing law enforcement investigations, confidential sources, or covert actions; declassified material; and the sealed Search Warrant Materials. More specifically, Sensitive

Discovery Materials also includes information that contains any communications involving undercover law enforcement employees or confidential sources, reveals the social media platforms or screennames used by law enforcement agencies, or reveals any other details, sources, and methods of on-going investigations. General Discovery encompasses all other information provided by United States during the discovery process.

6. The parties agree that a protective order in this case is appropriate to protect Sensitive Discovery Materials. The United States will clearly delineate which materials provided are General and Sensitive Discovery Materials. If, after reviewing the discovery, the defense disagrees with any designations, the parties will meet and confer to attempt to resolve the disputes. If the parties cannot resolve the dispute, the defense reserves the right to challenge the designation in court.

7. Counsel shall not disclose any of the Sensitive Discovery Materials to any person or entity other than their client, Aws Naser or attorneys, law clerks, paralegals, secretaries, experts, consultants, interpreters, or investigators involved in the representation of counsel's client in this case. The Sensitive Discovery Materials may not be disseminated to any witness or potential witness without further authorization from the Court. Disclosure of the Sensitive Discovery Materials to Aws Naser is subject to the rules set forth in paragraph 11, which provides that Naser may only review the Sensitive Discovery Materials in the presence of his attorneys or investigators on staff.

8. The Sensitive Discovery Materials may only be used in connection with the potential litigation associated with these materials and for no other purpose until further

order of the Court. The Sensitive Discovery Materials are now and will forever remain the property of the United States Government. Naser's Counsel will return the Sensitive Discovery Materials to the United States or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

9. Counsel shall store the Sensitive Discovery Materials in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. Counsel shall also store the General Discovery Materials in a secure location and take care to avoid inadvertent disclosure. Counsel shall ensure that any documents within the General Discovery Materials that will be sent to a detention facility are appropriately redacted to protect third parties.

10. If counsel releases custody of any of the Sensitive Discovery Materials, or authorized copies thereof, to any person or entity described in paragraph 7, counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and contempt of court.

11. Sensitive Discovery Materials, while in the custody and control of counsel or investigators on staff, may be reviewed by Aws Naser. It may also be reviewed by investigators and translators/interpreters on staff or formally hired by counsel. Aws Naser is prohibited from copying the Sensitive Discovery Materials or maintaining personal copies of

4

them.

12. The FBI has created verbatim translations as well as summaries of some of the General and Sensitive Discovery Materials in this case. The verbatim translations will be provided to Counsel and share the same designations as their original versions. The summaries will not be provided to Counsel. Counsel may view the summaries at the FBI at a mutually agreeable date and time and request that any of the summarized documents be translated. FBI will complete those translations in a reasonable timeframe and they will be provided to Counsel.

13. Counsel shall each be responsible for advising their client, employees, and other members of the legal team of the contents of this Stipulation and Order. Counsel shall obtain a signed statement from each individual listed in paragraph 7 indicating their agreement to abide by the terms and conditions of this order and provide copies of those statements to the United States.

14. This stipulation and order shall not prevent Counsel for Naser from otherwise using the General and Sensitive Discovery Materials to investigate or prepare for its case. Defense counsel may use the General and Sensitive Discovery Materials to support any motion, direct examination, cross-examination, etc., but may not attach any of the Sensitive Discovery Materials as an exhibit to any motion without an accompanying motion to seal. Furthermore, any references to the Sensitive Discovery Materials must be appropriately anonymized or redacted in any public filing. Counsel for the parties will meet and confer prior to any such filing.

**IT IS SO STIPULATED.**

                      Respectfully submitted,

                      DAWN N. ISON
                      United States Attorney

                      */s/Saima S. Mohsin*
                      SAIMA S. MOHSIN
                      Assistant United States Attorney

                      */s/Dmitriy Slavin*
                      DMITRIY SLAVIN
                      Trial Attorney
                      National Security Division

                      */s/James Gerometta/with consent*
                      JAMES GEROMETTA
                      Counsel for Defendant

                      */s/Amanda Bashi/with consent*
                      AMANDA BASHI
                      Counsel for Defendant

Date:  December 9, 2022

## PROTECTIVE ORDER

For good cause shown, the stipulation of counsel in the above-entitled case, is approved and for good cause shown,

**IT IS SO ORDERED.**

                      s/Paul D. Borman
Dated:  December 12, 2022    HONORABLE PAUL D. BORMAN
                      United States District Judge