UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

                                        Case No: 22-cr-20504

v.

                                        Hon. Paul D. Borman

Aws Mohammed Naser,

      Defendant.

---

**GOVERNMENT'S MOTION FOR PRETRIAL CONFERENCE PURSUANT TO TITLE 18 U.S.C. APP. III (CIPA) SECTION 2**

The United States of America, by and through undersigned counsel, hereby moves this Honorable Court to hold a pretrial conference, pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2. Because the United States anticipates that issues of discovery, disclosure, or use of classified information will arise during this case, the United States respectfully requests that the Court convene a pretrial conference to consider matters relating to such classified information as required by Section 2 of CIPA.

### I.     OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. See United States v. Baptista-Rodriguez,

17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure gat any stage of a criminal trial." United States v. Apperson, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").  Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963

2

(D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence.  See United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); accord United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc).  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  See Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).  Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); accord United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady.").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  See Baptista-Rodriguez, 17 F.3d at 1364.

    A.    <u>Section 1 - Definitions</u>

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national defense and foreign relations of the United States. <u>Id.</u> § 1(b).

CIPA applies equally to classified testimony and classified documents. <u>See</u> <u>United States v. Lee</u>, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing <u>United States v. North</u>, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); <u>Kasi v. Angelone</u>, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

    B.    <u>Section 2 - Pretrial Conference</u>

Section 2 of CIPA—the section the government is invoking in the instant motion—authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance, and

admissibility of classified information pursuant to Section 6 of CIPA. Id. In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. Id. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III § 2.

    C.    Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; see e.g. United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998); Yunis, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to

deny or restrict discovery in order to protect national security.  See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.  The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.  In essence, Section 4 allows the United States to request that the court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable. See United States v. Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); also United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F. Supp. 2d at 596 n.6.

For example, the government may request the Court deny discovery of a

classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard.  Libby, 429 F. Supp. at 48.  Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document.  Id. at 47.  If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any ex parte in camera pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal.  18 U.S.C. App. III § 4.

    D.    Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if this Court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.  Id. § 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  Id.  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.  Id. § 7(b).

## II.  REQUEST FOR PRETRIAL CONFERENCE UNDER SECTION 2 OF CIPA

On October 5, 2022, a grand jury sitting in the Eastern District of Michigan returned a two-count indictment charging the defendant with one count of attempting to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1), and one count of possession of a destructive device after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  The defendant made his initial appearance on both charges on November 15, 2022.

The government has been working through the discovery materials in this case and has already provided a significant number of unclassified documents to defense counsel in discovery.  This discovery consists of reports summarizing witness interviews, search warrant returns, photographs of evidence, video and audio files, and other documents.

The government is in the process of reviewing a substantial quantity of additional material that is currently classified.  Some of this material may be subject to disclosure in advance of trial and could raise issues of national security that the Court will need to address under CIPA.  Accordingly, pursuant to Section 2 of CIPA, the United States respectfully requests that the Court schedule a pretrial conference to establish a discovery and motion schedule relating to any classified

information.[1]

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the government will provide a proposed schedule for the filing of motions under CIPA Section 4 relating to the deletion, substitution, or disclosure of classified information. Because of the classified nature of certain information, the government will be unable to provide the court with specifics in open court (e.g., the type of information at issue, the amount of information at issue, the period of time when such information was collected, whether agencies other than the FBI are involved, etc.). If the Court so directs, the government will be prepared to present this information to the Court orally in an ex parte, in camera hearing. As previously noted, courts have consistently held that in camera, ex parte submission to a district court in matters involving national security are proper. See, e.g., United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006); United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003); Pringle, 751 F.2d at 427.

## CONCLUSION

---

[1] As set forth above, under Section 2 of CIPA, any party may move for a pretrial conference to "consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. Once such a motion is filed, the Court "shall promptly hold a pretrial conference." Id. At the conference, the Court should "establish the timing of requests for discovery." Id.

For the foregoing reasons, pursuant to CIPA Section 2, the government respectfully requests that the Court schedule a pretrial conference to address scheduling matters in light of the existence of classified materials.

                              Respectfully submitted,

                              DAWN N. ISON
                              United States Attorney

                              By: */s/Saima S. Mohsin*
                              Saima S. Mohsin
                              Assistant United States Attorney
                              Eastern District of Michigan
                              211 W. Fort Street, Suite 2001
                              Detroit, MI 48226
                              Telephone: (313) 226-9163
                              E-mail: Saima.Mohsin@usdoj.gov

                              s/*Dmitriy Slavin*
                              Trial Attorney
                              National Security Division
                              Counterterrorism Section
                              950 Pennsylvania Ave NW
                              Washington, DC  20530
                              Dmitriy.Slavin@usdoj.gov
                              (202) 616-2846

Date: December 21, 2022