UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

AWS MOHAMMED NASER,

          Defendant.
_____/

Case No. 22-CR-20504

HON. PAUL D. BORMAN

**MOTION FOR AN ORDER
DESIGNATING CASE AS A COMPLEX CASE
AND FOR EXCLUDABLE DELAY**

NOW COMES the United States of America, by and through its attorneys, DAWN N. ISON, United States Attorney, Saima S. Mohsin, Assistant United States Attorney, and Dmitriy Slavin, Trial Attorney for the United States Department of Justice, and hereby submits that this case is unusual and complex due to the nature of the prosecution and other factors set forth herein, and that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161. The United States therefore respectfully requests that the Court designate this case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and that the Court continue the trial date pursuant to 18 U.S.C. § 3161(h)(7)(A).

1

## **BRIEF IN SUPPORT**

In support of its motion, the United States states the following:

1. A federal grand jury returned a sealed indictment on October 5, 2022. The indictment was unsealed on November 15, 2022. The indictment charges Defendant in two separate counts, including a federal crime of terrorism.

2. Count One of the indictment avers that, beginning on an exact date unknown, but at least on or about December 2011, through October 30, 2017, Defendant knowingly attempted to provide material support and resources, including personnel and services to a foreign terrorist organization, specifically the Islamic State of Iraq and al-Sham ("ISIS"), in violation of 18 U.S.C. § 2339B(a)(1). 18 U.S.C. § 2339B(a)(1), as charged, is a federal crime of terrorism. Count Two alleges that on or about October 30, 2017, Defendant, a felon, knowingly possessed a destructive device, in violation of 18 U.S.C. § 922(g)(1).

3. Defendant was arraigned on the indictment on November 15, 2022. On November 16, the Court issued a Criminal Scheduling Order (ECF No. 12). Trial in this matter is scheduled for January 11, 2022.

4. On December 5, 2022, undersigned counsel met with defendant's counsel and discussed the case, the United States' need for a protective order, the timing and scope of discovery. Counsel for Defendant expressed the need for significant additional time to review discovery and to prepare for and file motions.

2

5.  On December 12, 2022, the Court entered a Protective Order (ECF No. 18), based upon the stipulation of the parties.

6.  On December 16, 2022, Defendant filed two pro se motions, including a notice asserting his right to a speedy trial and demanding Rule 16 discovery materials (ECF No. 20), and a motion to dismiss. (ECF No. 21).

7.  On December 21, 2022, the United States provided the defendant with voluminous discovery materials, including approximately 630 items totaling 4784 pages, 3.1 gigabytes of digital media, and a request for a hard drive for the production of additional digital media. The United States also filed a Motion for Pretrial Conference Pursuant to 18 U.S.C. App. III (CIPA) Section 2 (ECF No. 22); a Motion to Designate a Classified Information Security Officer (ECF No. 23); and a Notice of Intent to Use Foreign Surveillance Act Information (FISA) (ECF No. 24).

8.  The indictment is the result of an investigation spanning more than ten years, conducted by the Federal Bureau of Investigation ("FBI") with assistance from state and local law enforcement agencies. The Government's evidence in this case is complex and voluminous, and includes, among other things:

   a.  Evidence seized from 7 court authorized search warrants and 2 consent searches, including for the Defendant's home, vehicles, and for a variety of electronic devices, including cellular telephones, computers, iCloud, and other storage media. The electronic storage materials contain approximately 1.5 terabytes of data.

   b. Over 2000 audio recordings (jail calls) from March 14, 2014, through November 22, 2022.

   c. Over 1500 emails (JPAY—jail emails) from March 14, 2014, through November 22, 2022.

   d. Expert witness testimony for, among other things, chemistry, explosives, latent print analysis, ISIS, ISIS propaganda, drones, and handwriting.

   e. Voluminous texts, writings, audio recordings, and other materials in the Arabic language.

   f. Defendant's interviews and statements on January 19, 2012, November 13, 2012, January 18, 2013, and October 30, 2017.

  9. The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

  10. Pursuant to § 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

  11. The Government submits that this case is a complex case within the meaning of § 3161(h)(7)(B)(ii) due to the nature of the prosecution and complexity of

4

the anticipated litigation, including potential litigation arising from the use of FISA-derived evidence, delay associated with the review of classified information and potential motions filed pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, the need for several expert witnesses to review the evidence, the time needed to review and translate Arabic-language materials, and the time needed to review a large volume of discovery materials. Therefore, it is unreasonable to expect adequate preparation for pre-trial proceedings and trial within the time limits of the Speedy Trial Act.

12. In addition, § 3161(h)(7)(B)(iv) provides that if the case, "taken as a whole, is not so unusual or so complex," to fall within § 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

13. The United States submits that the ends of justice favor a continuance because the parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial.

14. The ends of justice resulting from a continuance will outweigh the interests of the public and the defendant in a speedy trial.

15. Accordingly, the United States respectfully requests that the Court issue

an Order that designates this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii) based on a finding that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial preparation and grant a continuance of the trial date under § 3161(h)(7)(B)(ii).

> Respectfully submitted,
>
> DAWN N. ISON
> United States Attorney
>
> By: /s/*Saima S. Mohsin*
> Saima S. Mohsin
> Assistant United States Attorney
> Eastern District of Michigan
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226
> Telephone: (313) 226-9163
> E-mail: Saima.Mohsin@usdoj.gov
>
> s/*Dmitriy Slavin*
> Trial Attorney
> National Security Division
> Counterterrorism Section
> 950 Pennsylvania Ave NW
> Washington, DC 20530
> Telephone: (202) 616-2846
> E-mail: Dmitriy.Slavin@usdoj.gov

Dated: December 21, 2022