UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                Case No. 22-CR-20504

        Plaintiff,

                                HON. PAUL D. BORMAN

    v.

AWS MOHAMMED NASER,

        Defendant.

_____/

## GOVERNMENT'S MOTION TO STRIKE
## DEFENDANT'S *PRO SE* MOTIONS

NOW COMES the United States of America, by and through its attorneys, DAWN N. ISON, United States Attorney, Saima S. Mohsin, Assistant United States Attorney, and Dmitriy Slavin, Trial Attorney for the United States Department of Justice, and hereby files this motion requesting that the Court strike the Defendant's *pro se* motions, including a motion for discovery and request for a speedy trial, and a motion to dismiss. Defendant, who is represented by counsel throughout these proceedings, should not be permitted to engage in *pro se* litigation while also being represented by his attorney.

## BACKGROUND

Defendant is charged by indictment in count one with attempting to provide material support and resources, including personnel and services to a foreign terrorist organization, specifically the Islamic State of Iraq and al-Sham ("ISIS"), in violation of 18 U.S.C. § 2339B(a)(1), and in count two with being a felon in possession of a destructive device, in violation of 18 U.S.C. § 922(g)(1).

At his arraignment on the indictment on November 15, 2022, the court appointed the Federal Community Defender—attorneys James Gerometta and Amanda Bashi—to represent Defendant. Trial has been scheduled for January 11, 2023. (ECF No. 12) On December 16, 2022, Defendant filed two handwritten *pro se* motions, including a motion demanding disclosure of discovery materials and asserting his speedy trial rights (ECF No. 20), and a motion entitled "Motion to Dismiss 18 U.S.C. § 922(g)(1)" (ECF No. 21).

## ARGUMENT

Under 28 U.S.C. § 1654 and Sixth Circuit case law, a defendant does not have a right to "hybrid" representation, that is representation by counsel and, at the same time, representing himself.  Section 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel…." (emphasis added).  According to the Sixth Circuit, "it is unquestionably well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or*, alternatively, to

2

represent himself in such proceedings." *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (emphasis in the original) (*citing Faretta v. California*, 422 U.S. 806 (1975)). "The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *Mosely*, 810 F.2d at 97 (*quoting United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). There are "obvious justifications" for not permitting hybrid representation, including "undue delay," "jury confusion," and "where one of the co-counsel is the accused, conflicts and disagreements as to trial strategy are almost inevitable." *Id.* at 98. As a result, "[h]ybrid representation is generally prohibited . . . ." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014).

The concerns articulated by the Sixth Circuit–particularly those regarding delay, conflicts, and disagreements–have already arisen in this case. On December 9, 2022, the parties filed a stipulation for an order designating the case as a complex case and for excludable delay. The stipulation was submitted to the Court after Defendant agreed to an adjournment of the trial date, the need for additional time to prepare for trial, and to the filing of the stipulation. A week later, on December 16, 2022, Defendant filed a *pro se* motion asserting his right to a speedy trial and claimed: "Defendant has never waived this right." (ECF No. 20, PageID.45). Defendant's motion for a speedy trial stands in contrast to his counsels' representations to the government and the Court that they cannot prepare for trial in early January, 2023. The case cannot proceed with Defendant and his counsel taking opposing positions

on the record.

The Sixth Circuit has refused to consider *pro se* pleadings filed by represented defendants. *United State v. Montgomery*, 592 F. App'x 411, 416 (6th Cir. 2014) (refusing to permit D=defendant to file a *pro se* brief when represented by counsel). So have district judges in this district. *United States v. Curry*, 2015 WL 4425926, *2 (E.D.MI 2015) (Hood, J.) (striking represented defendant's *pro se* motion and stating "any motions filed by Curry *pro se* will not be considered by the Court"); *United States v. Marin*, 2022 WL 1085678, *1 (E.D.MI 2022) (Ludington, J) (holding the right of self-representation does not include the right to proceed in a hybrid fashion, and denying defendant's *pro se* motion); *United States v. Toufaili*, 2011 WL 318125, *2 (E.D.MI 2011) (Cleland, J.) (striking represented defendant's *pro se* filings and stating "[p]ut simply, a person represented by counsel must rely upon that counsel"); *United States v. Dehar*, 2008 WL 4937855, *1 (E.D.MI 2008) (Cox, CJ.) (denying represented defendant's *pro se* motion to dismiss and stating "Defendant should seek relief from this Court through his Court-appointed attorney"); United States v. Naranjo, 2007 WL 295024, *1 (E.D.MI 2007) (Gadola, J.) (represented defendant's *pro se* motion "summarily denied"). This Court should do the same.

## CONCLUSION

For the foregoing reasons, the Court should strike the defendant's *pro se* motions.

Respectfully submitted,

DAWN N. ISON
United States Attorney

By: /s/ *Saima S. Mohsin*
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9163
E-mail: Saima.Mohsin@usdoj.gov

s/ *Dmitriy Slavin*
Trial Attorney
National Security Division
Counterterrorism Section
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 616-2846
E-mail: Dmitriy.Slavin@usdoj.gov

Dated:      December 23, 2023

**Certificate of Service**

I certify that on December 23, 2022, I electronically filed the foregoing Response with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all ECF users of record.

By: /s/ *Saima S. Mohsin*
Assistant United States Attorney