UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CR. NO. 22-20504

v.                                      HON. DENISE P. HOOD

AWS MOHAMMED NASER,

        Defendant.
_____/

**SUPPLEMENTAL RESPONSE TO GOVERNMENT'S
REQUEST FOR COMPLEX CASE DESIGNATION**

    AWS NASER, by his attorneys, James Gerometta and Amanda Bashi, maintains his opposition the government's request that the Court designate this case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). (ECF No. 25.)  In support of his position, Mr. Naser provides as follows:

1. The government's indictment charges two counts: attempted material support to a foreign terrorist organization (18 U.S.C. § 2339B(a)(1)) and possession of a destructive device (18 U.S.C. § 922(g)(1)). (ECF No. 1.)

2. In order to designate a case as complex, the statute directs the Court to consider "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law". § 3161(h)(7)(B)(ii). Here, there is only one defendant, Mr. Naser, and only two counts in the indictment, as outlined above.

1

While the government has identified CIPA and FISA issues generally, it has not made any showing that those issues will be exceptional or unique in some way.

3. The government's motion also outlines a voluminous amount of discovery as a reason to designate the case complex. (Gov't. Mtn., ECF No. 25, PageID.70-71.) At a status conference before Judge Borman on January 11, 2023, defense counsel requested that the court withhold ruling on the government's motion, to give the defense an opportunity to receive discovery and adequately assess how difficult it would be to review. (*See* ECF No. 27, Defense Opposition to Complex Case Designation; ECF No. 43, Transcript of Jan. 11 Status Hearing.) Judge Borman granted that request (ECF No. 43 at 9) and was scheduled to revisit the question at a hearing on March 21, 2023, before the case was reassigned to this Court.

4. By way of update, defense counsel has been able to handle timely review of the two discovery productions the government has made so far. Defense counsel has inquired with the government about further discovery productions. At an in-person evidence review on February 14, 2023, the government indicated it would be providing additional discovery the following week. Defense counsel has not received any further discovery production since the initial two.

5. The timeline of the investigation and charging in this case is important. The most *recent* conduct alleged in the indictment occurred more than five years ago. (*See*

ECF No. 1.) The government has had sufficient time to prepare the discovery in anticipation of complying with disclosure timelines and requirements in this case.

6. Also among the reasons the government identifies in support of the complex case designation, is "potential" and "anticipated" litigation. (Id., PageID.71-72.) While defense counsel does intend to file motions, there does not currently appear to be a reason those motions would be exceptionally complex, novel, or time-consuming.

7. Further, Judge Borman already appointed a Classified Information Security Officer (CISO), and it was apparent at the last status conference before this Court on April 5 that the Court has already identified a court reporter who has the clearance necessary to be present at any discussions of classified information.

8. At the January 11 status hearing, the government brought two cases it intended to rely upon in support of its request to designate this as a complex case. Both are opinions written by Magistrate Judge Poplin in the Eastern District of Tennessee. In one case, *United States v. Carpenter*, the defense and the government were in agreement to waive the requirements of the Speedy Trial Act, particularly where the defendant had at some point changed his mind about representing himself, and decided to proceed with the assistance of counsel who had not had an opportunity to review the discovery and identify possible motions.  2021 WL 5168259 at *2-3 (E.D. Tenn.). The second case, *United States v. Hu*, likewise dealt with a *defendant's* request for an extension of time – not the government's – and

an extension of the jury trial date due to the COVID-19 pandemic. 2020 WL 2216563.

9. The facts of these two cases are so disparate from the facts at hand here, that the cases are of little use to the Court. Here, the parties are not in agreement. Mr. Naser does not currently waive his speedy trial rights, particularly where the government had five years *before* its indictment to compile discovery and ready it for production.

10. The government has yet to explain why it needs several months in 2022 and 2023 to prepare discovery – even CIPA-related discovery – when it had the years 2017 to 2022 to undertake that process. Mr. Naser should not be punished for slow or bureaucratic administration of government functions.

WHEREFORE, Mr. Naser requests that the Court deny the government's request to designate this a complex case, and instead set a firm deadline by which the government's discovery productions should be complete.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/*Amanda Bashi*
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  April 19, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

      Signed,

      s/Amanda N. Bashi
      AMANDA N. BASHI
      613 Abbott Street, Suite 500
      Detroit, Michigan 48226
      (313) 967-5845
      E-mail:  amanda_bashi@fd.org

Dated:  April 19, 2023