UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     CR. NO. 22-20504

v.                                  HON. Jonathan J.C. Grey

AWS MOHAMMED NASER,

        Defendant.
_____/

**MEMORANDUM IN ADVANCE OF STATUS CONFERENCE**

I.

Background

On October 5, 2022, Aws Naser was indicted on two counts: (1) Attempting to Provide Material Support and Resources to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1); and (2) Felon in Possession of a Destructive Device, in violation of 18 U.S.C. § 922(g)(1). Count One alleged a continuing offense from December 2011 through October 30, 2017. Count Two alleged the possession of the destructive device on October 30, 2017.

Mr. Naser was indicted almost five years after the completion of his alleged offenses, and just 25 days short of the expiration of the statute of limitations for Count Two. The federal investigation into Mr. Naser began long before he is alleged to have completed his charged offenses, Henry Ford College campus security reported Mr. Naser to the FBI in 2011. The FBI began surveillance of him as early as 2012. The FBI conducted two searches of Mr. Naser's home, in 2013 and 2017.

Of the six-year period covered in the indictment, Mr. Naser was incarcerated in the Michigan Department of Corrections for half that time, for January 2013 to January 2016. Further, he has been incarcerated continuously since October 30, 2017.

Mr. Naser made his initial appearance on the indictment on November 15, 2022. On that date he initially waived is anti-shuffling rights under the Interstate Agreement on Detainers. However, he moved to revoke that waiver on January 4, 2023. The Court granted that request on January 10, 2023.

On December 21, 2023, the Government moved to designate the case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and requested that the Court make a finding that the case cannot proceed to trial within 70 days as provided by § 3161(c)(1). The Court has not yet decided that motion.

Throughout every status conference held on this case, before three different district court judges, Mr. Naser has, either himself or through counsel, expressed his desire for a speedy trial. The Government's chief response to this claim is that they need additional time to redact, summarize, declassify, and produce classified information and that this process is largely out of the control of the Department of Justice attorneys with responsibility for the case. The purpose of the upcoming August 9, 2023, hearing is to update the Court on the status of that production.

This case has been ongoing for almost 9 months and the Court is still not able to set a trial date due to lack of information regarding the timing of disclosure of the classified information. Further, up to this date, the Government has been unable to provide a sufficient timeline so that a definite trial date could be set.

## II.

### United States v. Donald Trump (S.D. of Florida)

On June 8, 2023, the United States indicted Donald J. Trump on 37 counts relating to the retention of classified documents after his presidency. Many or most of these documents relate to national security. Those documents include White House intelligence briefings, the military and nuclear capabilities of foreign countries,

the nuclear weaponry of the United States, and military contingency plans to invade Iran. See S.D. Florida, 23-cr-80101, R. 3, Indictment.

Despite that large amount of classified national defense information, the Government in that case sought a trial date of December 11, 2023, approximately six months after indictment.. It proposed having classified information available for defense review within two months. See S.D. Florida, 23-cr-80101, R. 34, Government's Motion for Continuance. The court eventually set a trial date of May 20, 2024, 10 months after indictment. See S.D. Florida, 23-cr-80101, R. 83, Order Granting in Part Government's Motion to Continue.

### III.

### The Law Governing Speedy Trial

By statute, the Speedy Trial Act, federal criminal trials should commence within 70 days of the latter of either the defendant's indictment or first appearance in court. 18 U.S.C. § 3161(c)(1). Subsection (h)(1) of § 3161 contains a number of exclusions from the calculation of the 70 days required for a speedy trial. Relevant to this case, the time between the filing of a motion and the conclusion of a hearing on that motion is excluded.[1] 18 U.S.C. § 3161(h)(1)(D). The district court is allowed an additional 30 days to consider and decide any pretrial motions. 18 U.S.C. § 3161(h)(1)(H).

---

[1] Courts have interpreted this section as excluding the time between the filing of the motion and the period wherein the Court has all available information to decide the motion. See *Henderson v. United States*, 476 U.S. 321, 329 (1986).

4

In addition to the excludable time under 18 U.S.C. § 3161(h), the Speedy Trial Act allows courts to grant a continuance of a trial date when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One such situation warranting a continuance is the reason sought by the Government here, that the case is unusually complex. 18 U.S.C. § 3161(h)(7)(B)(ii).

In addition to the Speedy Trial Act, because Mr. Naser is serving a state sentence, this case involves the Interstate Agreement on Detainers. That agreement provides that upon delivery of a defendant to a charging jurisdiction, a trial most commence within 120 days absent good cause shown in open court. IAD, 18 U.S.C. Appx. 2, Article IV(c).

IV.

The Ends of Justice and Good Cause in this Case

Mr. Naser has an upcoming parole hearing in the Michigan Department of Corrections (MDOC). Because he has been in federal custody, he has been unable to complete necessary programing to gain release. He could waive his IAD anti-shuffling right and return to state custody, however, because of the protective order entered in this case and the MDOC visiting policies, this would make it impossible for defense counsel to review the discovery with Mr. Naser and prepare for trial. He has been left with the choice of preparing for this trial or participating in parole programming.

The delay in this trial has been attributable, in the most part, to the Government's need to prepare classified information. After a 10 plus year investigation into conduct which is alleged to have been complete 5 years prior to the indictment, the Government has not completed this review and preparation in 9 months. Because the case involves classified information, the Court has largely deferred to the Government's statements that this time is necessary and unavoidable. The timeline set in Donald Trump's classified document case in the Southern District of Florida reveals that, when the Government believes it is in its own best interest, it can quickly review and prepare for trial in case involving evidence at the highest level of classification available.

Jack Smith assumed the office of special counsel on November 22, 2022. He told the court in the Southern District of Florida that he could proceed to trial on a case involved 30+ classified documents involving national security within 13 months of beginning his investigation.

Mr. Naser is not Mr. Trump. He is not splitting his time between Mar-a-Lago and Bedminster and flying to his court appearances on Trump Force One. He is sitting at the Federal Detention and being driven to Detroit in the back of a van in handcuffs. For equal justice of have meaning, the Government must apply the same urgency to Mr. Naser's case as it has to Mr. Trump's.

V.

Conclusion

At the August 9, 2023, status conference, this Court should review the timeline of this case and the proposed schedule going forward to determine if the delay has truly been necessary, or simply convenient for the Government as they prioritize the review of other material over the classified evidence in this case.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/ *James R. Gerometta*
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  August 8, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

      Signed,

      s/Amanda N. Bashi
      AMANDA N. BASHI
      613 Abbott Street, Suite 500
      Detroit, Michigan 48226
      (313) 967-5845
      E-mail:  amanda_bashi@fd.org

Dated:  August 8, 2023