UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. 22-20504

v.                                        Hon. Jonathan C. Grey

AWS NASER,

        Defendant.
_____/

## MOTION TO DISCLOSE AND SUPPRESS FISA MATERIALS

Aws Naser, through counsel, moves for the disclosure of evidence secured pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended by 50 U.S.C. §§ 1801-1802. In support of this motion, Naser provides as follows:

1. Aws Naser is charged in Count One with attempting to provide material support and resources to a foreign terrorist organization, and in Count Two with possessing a destructive device as a felon. (ECF No. 1, Indictment.)

2. On December 21, 2022, the government filed notice of its intent to use information "obtained or derived from electronic surveillance and physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801–1812 and 1821–1829." (ECF No. 24, Gov't FISA Notice.)

1

3. The government's notice provided no information regarding the basis for the national security surveillance and did not identify the substance of the material it obtained pursuant to FISA.

4. Mr. Naser seeks disclosure of the FISA documentation, identification of the material obtained through FISA means, and the suppression of any material obtained contrary to FISA's strictures.

5. The facts and law in support of this motion are detailed in the accompanying brief.

6. Pursuant to local rule, undersigned counsel sought concurrence on this motion, and the government declined to concur.

WHEREFORE, Mr. Naser moves under 50 U.S.C. § 1806(e) for disclosure of FISA materials and to suppress all information unlawfully acquired or surveillance conducted not in conformity with an order of authorization or approval, and to suppress any fruits of unlawful surveillance or searches.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/James Gerometta & Amanda Bashi
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  September 19, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CR. NO. 22-20504

v.                                      Hon. Jonathan C. Grey

AWS NASER,

        Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION TO
DISCLOSE AND SUPPRESS FISA MATERIALS**

Aws Naser is charged with attempting to provide material support and resources to a foreign terrorist organization (Count 1), and possessing a destructive device as a felon (Count 2). (ECF No. 1, Indictment.). The indictment claims Mr. Naser's wrongdoing spanned six years, from December 2011 through October 2017. However, Mr. Naser was in the custody of Michigan Department of Corrections for three of those six years, from January 2013 through January 2016. Nonetheless, the government had apparently labeled Mr. Naser an agent of a foreign power under the Foreign Intelligence Surveillance Act, and thus subjected him to surveillance and searches outside the confines of the Fourth Amendment.

On December 21, 2022, the government filed notice of its intent to use information "obtained or derived from electronic surveillance and physical search

1

conducted pursuant to the [FISA] of 1978, as amended, 50 U.S.C. §§ 1801–1812 and 1821–1829." (ECF No. 24, Gov't FISA Notice.) This notice simply informed the defense that the government has FISA evidence and intends to use it, but did not identify the information it plans to use or the basis for the national security surveillance.

The defense moves to discover all evidence, intelligence, counter-intelligence, FISA applications, FISA orders, and all information concerning surveillance of Mr. Naser, and the national security justification for all governmental actions concerning Mr. Naser. The defense also moves to suppress information and material obtained unlawfully, and any fruits of searches supported by the unlawfully obtained material.

## ARGUMENT

Congress enacted FISA in response to perceived abuses of intelligence gathering and surveillance procedures by federal intelligence agencies in the early 1970s. *See American Civil Liberties Union v. Clapper*, 785 F.3d 787, 792–93 (2d Cir. 2015). FISA "is not to be used as an end-run around the Fourth Amendment's prohibition of warrantless searches." *United States v. Johnson*, 952 F.2d 565, 572 (1st Cir. 1991). Thus, when a defendant moves for discovery and suppression of FISA materials, the Court must engage in a careful, detailed examination of whether the government complied with the law in obtaining FISA-covered evidence. As part of this process, the Court may disclose these materials to the defense if, without defense input, it "is unable to

make an accurate determination as to the legality of the evidence." *United States v. Daher*, No. 18-20559, 2020 WL 7664789, at *2 (E.D. Mich. Dec. 24, 2020).

Under 50 U.S.C. § 1806(f), the government may invoke an in camera, ex parte process for review of FISA materials. Under that process, "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States," then this Court reviews "in camera and ex parte" any "materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved was lawfully authorized and conducted." *Id.* "In making this determination, the court may disclose to the aggrieved person [here, Mr. Naser], under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." *Id.*

"Section 1806(f) vests sole authority to hold legality hearings in a district court." § 9:48. Ex parte, in camera determination, 2 LAW OF ELECTRONIC SURVEILLANCE § 9:48. If the Attorney General does not file an affidavit as discussed above, then discovery must proceed in a standard manner. *Id.* "In determining whether disclosure is necessary, the Court should consider whether, after its initial review, any irregularities are revealed, such as whether: the materials evidence a possible misrepresentation of fact; the persons to be surveilled are not clearly identified; or the surveillance records

include a significant amount of nonforeign intelligence information, indicating a possible issue with the minimization standard utilized." *United States v. Mahamud*, 838 F. Supp. 2d 881, 885 (D. Minn. 2012).

There are multiple questions this Court must answer in reviewing these materials. The following is a non-exhaustive list of issues:

First, the Court must determine whether the primary purpose of the surveillance was "domestic criminal activity, which is not authorized by FISA." *United States v. Daoud*, 761 F.3d 678, 682 (7th Cir. 2014). "Although evidence obtained under FISA subsequently may be used in criminal prosecutions, **the investigation of criminal activity cannot be the primary purpose of the surveillance**." *United States v. Johnson*, 952 F.2d 565, 572 (1st Cir. 1991) (cleaned up) (emphasis added).

Second, this Court must review whether the FISA application complied with the requirements for such applications, which "must contain, among other things, a certification that the purpose of the requested surveillance is the gathering of foreign intelligence information and **a detailed description of the nature of the information sought**." *Id.* (emphasis added). This review includes examining whether the government properly certified that the information sought through the FISA process could not "reasonably be obtained by normal investigative techniques." 50 U.S.C.A. § 1823. It also includes examining whether the government conducted its surveillance in accordance with minimization procedures FISA requires. 50 U.S.C. § 1823(a)(3).

Third, the Court must decide whether any FISA warrants or applications were supported by probable cause: "Like any search warrant, a FISA application must be supported by probable cause." *Daoud*, 761 F.3d at 681. This probable cause determination differs from the standard analysis this Court undertakes because it focuses on **whether Mr. Naser was an "agent of a foreign power."** *Daher*, 2020 WL 7664789, at *4.

Fourth, FISA demands particularity: The Court must be satisfied that the government has shown "each of the facilities, places, premises, or property at which the electronic surveillance or physical search was directed was, or was about to be owned, used, possessed by, or was in transit to or from [Mr. Naser]." *Id.*

Fifth, even assuming the government needed to use the secret FISA process initially, this Court must determine whether that need for secrecy still exists. See *United States v. Warsame*, 547 F. Supp. 2d 982, 989 (D. Minn. 2008).

These are complicated questions, and they should be evaluated with defense input in this case. Mr. Naser thus requests that, pursuant to this procedure, this Court review and disclose any FISA applications, FISA orders, and FISA materials under appropriate security procedures and protective orders. Mr. Naser further requests the opportunity to review the Attorney General's affidavit attesting that disclosure of evidence would harm national security.

This case echoes concerns raised by Congress, when it authorized changes to FISA in 2001, that "'it will be up to the courts to determine how far law enforcement agencies may use FISA for criminal investigation and prosecution beyond the scope of the statutory definition of 'foreign intelligence information.'" *In re Sealed Case*, 310 F.3d 717, 733 (Foreign Int. Surv. Ct. Rev. 2002) (quoting Senator Leahy, 147 Cong. Rec. S11004 (Oct. 25, 2001)). This Court should authorize and compel disclosure of the FISA applications and orders in this case, especially any FISA surveillance that resulted in evidence used to establish probable cause for later non-FISA searches.

## CONCLUSION

Under 50 U.S.C. § 1806, this Court should do the following:

1. Compel the government to determine if the Attorney General will submit an affidavit attesting that disclosure of FISA applications, FISA orders, and other FISA materials in this case would harm national security;

2. Provide Mr. Naser a copy of the Attorney General affidavit, if filed;

3. Conduct an in camera, ex parte inspection of any FISA applications, FISA orders, and FISA materials, and determine whether the surveillance was lawfully authorized and appropriately conducted;

4. Disclose any FISA applications, FISA orders, and FISA materials to defendant's counsel because such disclosures are necessary to make an accurate determination of the legality of the surveillance; and

5. Suppress all information unlawfully acquired or surveillance conducted not in conformity with an order of authorization or approval, and suppress any fruits of unlawfully surveillance or searches.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/James Gerometta & Amanda Bashi
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  September 19, 2023

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 19, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

               Signed,

               s/Amanda N. Bashi
               AMANDA N. BASHI
               613 Abbott Street, Suite 500
               Detroit, Michigan 48226
               (313) 967-5845
               E-mail: amanda_bashi@fd.org

Dated: September 19, 2023