UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 22-CR-20504

vs.          Hon. Jonathan J.C. Grey

AWS MOHAMMED NASER,

          Defendant.
_____/

**UNITED STATES' MOTION TO EXTEND
DEADLINE TO FILE RESPONSE TO MOTION
TO DISCLOSE AND SUPPRESS FISA
MATERIALS**

      The United States of America moves to extend the deadline to file its response to the Defendant's motion to suppress and for the disclosure of materials under the Foreign Intelligence Surveillance Act ("FISA"), as amended, 50 U.S.C. §§ 1801 *et seq.*, (Doc. 73). The United States requests sufficient time to respond to the Defendant's motion which seeks to discover or obtain/suppress FISA materials—namely, an additional 90 days (i.e., until January 8, 2024). In support of the motion, the Government states as follows:

1

## **MEMORANDUM OF LAW**

On December 21, 2022, the United States filed a notice of its intent to offer into evidence and use information obtained or derived from electronic surveillance and physical search conducted pursuant to FISA. Doc. 24.

On September 19, 2023, the Defendant filed a motion seeking disclosure and suppression of the FISA materials. Doc. 73. Under Local Rule 7.1(e)(2), the United States must respond to the motion within 21 days (i.e., by October 10, 2023).

The Defendant's motion for the disclosure, production, or suppression of FISA materials, information, or evidence has triggered the review procedures under 50 U.S.C. §§ 1806(f) (pertaining to electronic surveillance) and 1825(g) (pertaining to physical searches), which require an *in camera, ex parte* review by the Court. In pertinent part, Section 1806(f) provides:

> [W]henever a motion is made pursuant to [Section 1806](e), or whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under this chapter . . . the United States district court . . . *shall* . . . if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, *review in camera and ex parte* the application, order and such other materials relating to the surveillance as

2

>may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted.

50 U.S.C. § 1806(f) (emphases added).[1]

The Government's submission for *in camera, ex parte* review by this Court will include a number of classified and unclassified documents. As explained below, some of these documents rely upon the preparation and consideration of other documents that have yet to be created. As a result of the sequential creation of documents necessary for the Court's review, the Government requires sufficient time to prepare and submit its submission.

The Government's submission for the Court's review will include at a minimum: (1) the Government's Classified Response to the Defendant's motions; (2) a Declaration and Claim of Privilege of the Attorney General of the United States (reflecting the Attorney General's assessment that disclosure of, or an adversary hearing with regard to, the classified FISA materials would harm the national security of the United States); (3) a classified declaration of a high-ranking official from the Federal Bureau of Investigation (advising the Attorney General of the sensitivity of the classified information, sources, and methods contained in the FISA

---

[1] Section 1825(g) is virtually identical to Section 1806(f), and it sets forth the *in camera, ex parte* review procedures pertaining to physical searches under FISA authorities.

applications and orders at issue); (4) a classified declaration of an FBI Supervisory Special Agent or Special Agent detailing the FBI's compliance with the minimization procedures approved by the Attorney General and adopted by the Foreign Intelligence Surveillance Court ("FISC"), which were used in this investigation; (5) the Government's Unclassified Response to the Defendant's motions; and (6) certified copies of the classified applications, orders, and any related materials filed with the FISC. All the above documents are necessary for the Court to determine whether the electronic surveillance, physical searches, or both, were lawfully authorized and lawfully conducted.

In addition to the logistics of obtaining the supporting documentation necessary for the Court's *in camera*, *ex parte* review, required under Section 1806(f) or Section 1825(g), certain documents in the Government's submission cannot be prepared contemporaneously, but must be prepared in sequential order. For example, the Attorney General[2] cannot assess whether the disclosure of, or an adversarial hearing with regard to, the classified

---

[2] As defined in FISA, "Attorney General" means the Attorney General of the United States (or Acting Attorney General), the Deputy Attorney General, or, upon designation of the Attorney General, the Assistant Attorney General for National Security. *See* 50 U.S.C. §§ 1801(g), 1821(1). Such designation was made by then-Attorney General Eric H. Holder, Jr., on April 24, 2009.

4

FISA materials would harm the national security until he has been advised by a high-ranking FBI official regarding the classified information, sources, or methods that would be compromised by disclosure or an adversary hearing. As noted above, that advice is provided to the Attorney General by means of the classified declaration of a high-ranking FBI official, which discusses in great detail the classified information, sources, and methods that are contained in the applications, orders, and related materials and the ensuing harm to national security caused by disclosure or an adversary hearing. Such a detailed and sensitive document requires careful drafting and review by the FBI, and then further consideration by the FBI declarant. Once submitted to the Attorney General, that declaration must again be accorded careful and deliberate review so that the Attorney General can appropriately assess the FBI's advice regarding the harm to the national security posed by disclosure or an adversarial hearing.

Furthermore, the Government's Classified Response discusses, among other things, the classified information provided to the FISC in support of the Government's applications for an order or warrant pursuant to FISA and the classified declaration of a Supervisory Special Agent or Special Agent of the FBI regarding the minimization procedures applied to the acquisition,

5

retention, and dissemination of the FISA-acquired information. The Government's Classified Response cannot be finalized until the minimization declaration has been drafted, reviewed, and signed by the FBI declarant because the Government's Classified Response references specific sections of the final minimization declaration.

In addition, as part of its submission to the Court, the Government will also prepare an unclassified version of its Classified Response, from which all classified information will be redacted. The Government's Unclassified Response cannot be drafted, reviewed, and finalized until the Government's Classified Response is completed.

Finally, in order to prepare the documents discussed above, the Government must coordinate its submission with various Government entities, including the Office of the Attorney General; the Office of Intelligence, National Security Division ("NSD"), Department of Justice ("DOJ"); the Counterterrorism Section, NSD, DOJ; the FBI's Office of the General Counsel; the FBI Counterterrorism Division; and the FBI field office or offices that conducted the FISA-authorized electronic surveillance, physical searches, or both.

In sum, this motion requires a uniquely complex response. The local

6

rules providing a 21-day response time do not account for the need to first move an entirely different court to obtain materials needed for the response. While the Government began its response as soon as the defense filing allowed it to, it has no control over an entirely independent court that must be involved in the process.

Therefore, the Government requests an additional 90 days to respond to the Defendant's FISA-related motion. Such a period will allow the Government sufficient time to prepare, review, and coordinate the interdependent and mutually supporting documents and file its submission with the Court and to brief the Court comprehensively on the facts and the law related to FISA and FISA-obtained or FISA-derived evidence or information.

The Government notes that this case is not currently set for trial. Discovery in the case is ongoing, and the Court has set a November 6, 2023, deadline for completion of discovery and submission of motions under the Classified Information Procedures Act. The Government anticipates that the amount and complexity of the materials produced by that date will take a significant amount of time to review before a trial could begin. Moreover, as the Government has noted on several prior occasions, including during the

May and August status conferences, the procedures described above could not begin until triggered by a defense filing. Therefore, an extension of 90 days is unlikely to prejudice the Defendant or otherwise offend the interests of justice.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court extend the deadline for the United States to file its response to the Defendant's motion to disclose and suppress materials under FISA by 90 days, to January 8, 2024.

The Government sought concurrence from the defense to file this motion and received a negative response.

                                              Respectfully submitted,

                                              DAWN N. ISON
                                              United States Attorney

                                              */s/ Saima S. Mohsin*
                                              SAIMA S. MOHSIN
                                              Assistant United States Attorney

                                              */s/ Dmitriy Slavin*
                                              DMITRIY SLAVIN
                                              Trial Attorney
                                              National Security Division

Date:  September 26, 2023