UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 22-CR-20504

vs.                                           Hon. Jonathan J.C. Grey

AWS MOHAMMED NASER,

        Defendant.
_____/

**SUPPLEMENT TO UNITED STATES' MOTION
TO EXTEND DEADLINE TO FILE RESPONSE
TO MOTION TO DISCLOSE AND SUPPRESS
FISA MATERIALS**

As discussed in the telephone status hearing held October 10, 2023, the United States of America is filing this supplement in support of its motion to extend the deadline to file its response to the Defendant's motion to suppress and for the disclosure of materials under the Foreign Intelligence Surveillance Act ("FISA"), as amended, 50 U.S.C. §§ 1801 *et seq.*, (Doc. 74) in order to provide additional and updated information supporting its request for a 90-day extension.

The review procedures under 50 U.S.C. §§ 1806(f) (pertaining to

1

electronic surveillance) and 1825(g) (pertaining to physical searches) are triggered when a defendant files a motion for the disclosure, production, or suppression of FISA materials, information, or evidence. These statutes set forth procedures related to classified information that must be followed by the court when evaluating the motion. If "the Attorney General files an affidavit[1] under oath that disclosure or an adversary hearing would harm the national security of the United States," the statute states that the district court "*shall* . . . review in camera and ex parte" materials relating to the surveillance. 50 U.S.C. § 1806(f) (emphasis added). The Court cannot fulfill its statutory duty until it has those materials.

The materials are stored with the Foreign Intelligence Surveillance Court (the "FISC"). The FISC is composed of eleven federal district court judges who are designated by the Chief Justice of the United States and is entirely independent from the Executive Branch of the Government. The FISC has informed the Government that much of the material involved in this case has been archived at an off-site location and will take significant time to retrieve. The FISC estimates, but cannot guarantee, that it should be able to provide the Government all the necessary material by November 27th.

---

[1] A Declaration and Claim of Privilege by the Attorney General of the United States.

After the Government receives the materials from the FISC, it must check all the information, draft an index to assist the Court in its review, and ensure that all citations in the briefs and declarations (which are being drafted simultaneously to the FISC's work) are accurate. This process will take additional time. A 45-day extension would make the Government's response due November 24th, the day after Thanksgiving. Because the materials the Court needs to review will not be available by that date, it cannot begin its review at that point. Accordingly, the Government needs the 90-day extension requested in its motion to complete its response.

      The Government can supply the court with more specific information in a classified setting at the Court's convenience.

      Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/Saima S. Mohsin*
SAIMA S. MOHSIN
Assistant United States Attorney

*/s/Dmitriy Slavin*
DMITRIY SLAVIN
Trial Attorney
National Security Division

Date:  October 12, 2023