UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. 22-20504

v.                                           Hon. Jonathan C. Grey

AWS NASER,

        Defendant.

---

## MOTION FOR BLANKET SUPPRESSION OF 2017 SEARCH FOR FLAGRANT DISREGARD FOR THE LIMITATIONS OF THE WARRANT

---

Aws Naser, through attorneys James Gerometta and Amanda Bashi, moves to suppress evidence obtained by officers who searched his home in a manner that flagrantly disregarded the scope of the warrant that authorized the search. Naser files a brief in support and states:

1. Naser is charged in a two-count indictment with attempted material support of a foreign terrorist organization and with unlawful possession of a destructive device. (ECF No. 1.)

2. As the Court is aware, the government executed a search warrant at Aws Naser's residence on October 30, 2017. (See Background in Def. Mtn. Suppress, ECF No. 94, PageID.573-580.) Naser believes that warrant was ill gotten and has challenged the searches that preceded the October 2017 search warrant – and

1

which the October 2017 warrant relies upon for probable cause – because they were performed by an FBI Task Force Officer posing as Naser's parole officer.[1] Id. The Court has scheduled an evidentiary hearing on that motion for May 2, 2024.

3. The search warrant authorizing the October 30 search was previously filed with the Court as SEALED Exhibit C (ECF No. 97).

4. Naser now presents the Court with a separate basis to suppress the evidence seized on October 30: the officers' flagrant disregard for the plain limitations of that search warrant. In Attachment A to the October 30 search warrant, the "south master bedroom and the southwest bedroom inside Location 1 are *excluded* from the property to be searched, as they are currently occupied by tenants" (emphasis added). (Previously Filed Sealed Exhibit C at 716.)

5. Nonetheless, officers searched at least one of those bedrooms that were explicitly excluded. In it, they found a BB gun and BBs. (Sealed Exhibit[2] A2 at 219, 326.) They collected those items and logged them with the other items they collected during their search of the home. (Id.)

---

[1] The factual bases for Naser's challenge presented in ECF 94 began long before the October 2017 search itself. The facts necessary to resolve the instant motion occurred entirely within the three-day period from the issuance to the execution of the search on October 30. Naser does not believe there is any witness overlap between ECF 94 and the instant motion.

[2] Sealed Exhibits attached to this motion will be referenced with "__2" to differentiate them from the Sealed Exhibits attached to Naser's previous motion. Counsel will continue to reference the Bates pagination of the exhibits included.

6. A flagrant disregard for the limitations of a search warrant might make an otherwise valid search an impermissible general search requiring the suppression of all evidence seized during the search. *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007), *citing United States v. Lambert*, 771 F.2d 83, 93 (6th Cir. 1985).

7. This case is one such flagrant disregard, where Attachment A clearly and unequivocally excluded the south and southwest bedrooms. Suppression of all evidence seized during the search is required.

8. Counsel for the government does not concur. *See* L.R. 7.1.

9. Based on the information Naser currently has, he does not believe the Court needs to hold an evidentiary hearing. The disregard for the exclusions in the warrant is documented. Should the government provide additional documents or new information in response to this motion, the defense requests the opportunity to review those materials and reconsider the question of an evidentiary hearing.

This Court should find that the officers here flagrantly violated the terms of the search warrant by searching the bedroom(s) explicitly prohibited by the warrant, and suppress all evidence recovered during the search.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/ Amanda Bashi
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated: April 18, 2024

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          CR. NO. 22-20504

v.                                           Hon. Jonathan C. Grey

AWS NASER,

        Defendant.

---

**BRIEF IN SUPPORT OF MOTION FOR BLANKET SUPPRESSION OF 2017 SEARCH FOR FLAGRANT DISREGARD FOR THE LIMITATIONS OF THE WARRANT**

---

## BACKGROUND

On October 30, 2017, the FBI and its task force officers arrived at Aws Naser's home to execute an ill-gotten search warrant.[3] That warrant had limitations. Specifically, Attachment A provided that the "south master bedroom and the southwest bedroom inside Location 1 are excluded from the property to be searched, as they are currently occupied by tenants." (Previously Filed Sealed Exhibit C at 716.)

---

[3] Naser has challenged the searches that preceded the October 2017 search warrant – and which the October 2017 warrant relies upon for probable cause – because they were performed by an FBI Task Force Officer posing as Naser's parole officer. *See* ECF No. 94, Def. Mtn. to Suppress. The factual bases for Naser's challenge presented in that motion began long before the October 2017 search itself. The facts necessary to resolve this motion occurred entirely within the three-day period from the issuance to the execution of the search on October 30.

5

Nonetheless, during the execution of the warrant, officers *did* search at least one (possibly both) of those rooms. Upon their arrival on the scene, officers took photos and one officer sketched the residence and labeled the rooms so that items recovered could be identified with the room they were recovered in. (Sealed Exhibit A2 at 219, 326.) The south master bedroom was labeled "Room E" and the southwest bedroom was labeled "Room F." (Id. at 326.) Thus, Rooms E and F were the two rooms excluded from the search, by the plain language of the warrant. (Id.)

In the item log from the execution of the search, it appears that officers searched at least Room E, because they recovered a BB gun and BBs from that room. (Id. at 219-20.) From the items counsel can locate in discovery, it is unclear whether the officers also searched Room F; the item log does not indicate that anything was seized from Room F.

The officers' search of Room E (and possibly Room F) was in direct violation of the limitations in the warrant.

## ARGUMENT

A search pursuant to a valid warrant may devolve into an invalid general search if the officers "flagrantly disregard the limitations of the search warrant." *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007) (cleaned up), *citing United States v. Lambert*, 771 F.2d 83, 93 (6th Cir.1985). The Sixth Circuit states that "an officer flagrantly disregards the limitations of a warrant . . . where he exceeds the scope of the warrant in the places searched" (Id. (cleaned up).)

The Sixth Circuit's test for determining if the officers engaged in an impermissible general search is whether their search unreasonably exceeded the scope of the warrant. *Brindley v. Best*, 192 F.3d 525, 531 (6th Cir. 1999). Here, where the warrant specifically and unequivocally excluded the "south master bedroom and the southwest bedroom", the officers search of one of those bedrooms unreasonably exceeded the bounds of the warrant.

"The prohibition against general searches serves primarily as a protection against unjustified intrusions on privacy," *Horton v. California*, 496 U.S. 128, 141 (1990) (cleaned up). The broad remedy for such a sweeping Fourth Amendment violation is "the suppression of all evidence seized during the search." *United States v. Lambert*, 771 F.2d at 83, 93 (6th Cir. 1985); *see also United States v. Uzenski*, 434 F.3d 690, 706 (4th Cir. 2006).

Here, the officers search of Room E (and possibly F) was in direct violation of the search warrants explicit prohibition on the search of those rooms. It requires blanket suppression of all items seized during the search.

## **CONCLUSION**

Based on the information Naser currently has, he does not believe the Court needs to hold an evidentiary hearing. The disregard for the exclusions in the warrant is documented. Should the government provide additional documents or new information in response to this motion, the defense requests the opportunity to review those materials and reconsider the question of an evidentiary hearing.

This Court should find that the officers here flagrantly violated the terms of the search warrant by searching the bedroom(s) explicitly prohibited by the warrant, and suppress all evidence recovered during the search.

    Respectfully submitted,

    **FEDERAL COMMUNITY DEFENDER**

    s/ Amanda Bashi
    JAMES GEROMETTA & AMANDA N. BASHI
    Attorneys for Aws Naser
    613 Abbott Street, Suite 500
    Detroit, Michigan 48226
    (313) 967-5842
    james_gerometta@fd.org/amanda_bashi@fd.org

Dated: April 18, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on April 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

      Signed,

      s/Amanda N. Bashi
      AMANDA N. BASHI
      613 Abbott Street, Suite 500
      Detroit, Michigan 48226
      (313) 967-5845
      E-mail:  amanda_bashi@fd.org

Dated:  April 18, 2024