UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    CR. NO. 22-20504

v.                                    Hon. Jonathan C. Grey

AWS NASER,

                Defendant.

---

## AWS NASER'S MOTION TO UNSEAL EXHIBITS FOR EVIDENTIARY HEARING

---

This Court scheduled an evidentiary hearing on Aws Naser's motion to suppress warrantless searches performed by TFO Wright, and the fruits of those searches. (ECF No. 94). Naser's motion had attached several exhibits. The government requested that Naser seal those exhibits. Defense counsel did so, to get the motion to filed and before the Court, but noted in his briefing that he would be requesting the Exhibits be unsealed.[1] The government likewise sealed the Exhibits attached to its response, and Naser sealed the Exhibits attached to his reply.

Naser requests this Court unseal all of the Exhibits for the May 2 evidentiary hearing. The parties will need to reference exhibits freely and repeatedly throughout

---

[1] See ECF No. 94, PageID.573.

witness testimony and argument. Moreover, Naser maintains his right to a public prosecution. Naser provides the following brief in support of this request.

## I.     THE DOCUMENTS AT ISSUE

Naser attached the following exhibits to his Motion to Suppress (ECF No. 94):

- Exhibit A – Redacted FBI Reports regarding government surveillance of Naser, government officers' communication with MDOC Parole Officers (marked General)

- Exhibit B – Naser's MDOC Parole Records (marked Sensitive)

- Exhibit C – Search Warrants & Accompanying Affidavits (marked Sensitive)

The government attached the following exhibits to its Response brief (ECF No. 105):

- Exhibit 1 – Redacted FBI Report Regarding Russell Dennison (marked General)

- Exhibit 2 –Russell Dennison Criminal Complaint Affidavit (marked General[2])

- Exhibit 3 – Redacted Emails Allegedly Between Naser & Dennison (marked Sensitive)

- Exhibit 4 – Redacted TSA Luggage Report (marked Sensitive)

- Exhibit 5 – Redacted Reports and Interviews of Parole Agent Derrick Bond, Parole Agent Cynthia Simon, Task Force Officer Charles Wright, Task Force Officer Megan McAteer, Special Agent Jeffrey O'Donnell, Task Force Officer Jonathan Tate (unmarked)

- Exhibit 6 – Redacted FBI Report of open-source search results (unmarked)

---

[2] Based on earlier litigation regarding the Protective Order (some of the filings were under seal, but the government's reply on its motion to amend the protective order is at ECF No. 50) undersigned counsel now believes the Government intended to mark Exhibit 2 as Sensitive, not General. The copy filed with the Court as Government Exhibit 2 is marked General.

- Exhibit 7 – Photos of the inside of Naser's home (unmarked)

- Exhibit 8 – Redacted FBI Report of Paltalk chatroom activity by user "MuslimX1" (unmarked)

Naser attached the following exhibits to his Reply brief (ECF No. 108):

- Exhibit D – Redacted FBI reports of surveillance, seizures, and open-source search results (marked General)

Naser requests that all of the Exhibits listed above be unsealed before the May 2, 2024 evidentiary hearing.

## II.   ARGUMENT

Even discovery materials become presumptively accessible under the First Amendment if they become judicial documents. *See United States v. Smith*, 985 F. Supp. 2d 506, 547 (S.D.N.Y. 2013) (as discovery materials "become part of judicial documents, or [are] introduced at a hearing or a trial, then the need for protection might well evaporate"); *Newsday LLC v. Cnty of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) ("[T]he facts necessary to show good cause for a protective order applicable to discovery documents that are not yet implicated in judicial proceedings will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents."); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("Much of what passes between the parties remains out of public sight because discovery materials are not filed with the court. But most portions of discovery that are filed and form the basis of judicial action must eventually be released.").

"When discovery materials are filed with the trial court, the private nature of discovery comes into conflict with the public's right to access judicial records." *United States v. Wecht*, 484 F.3d 194, 209 (3rd Cir. 2007). "There is a presumptive [common law] right to public access to all material filed in connection with non-discovery pretrial motions, whether these motions are case dispositive or not." *Leucadia, Inc. v. Applied Extrusion Techs, Inc.*, 998 F.2d 157 (3d Cir. 1993).

In *Wecht*, the Court found discovery documents (specifically, personnel records concerning an FBI agent/prospective witness) subjected to in camera review clearly established them as judicial records, ultimately holding the government did not have good cause to justify the continued use of protective orders or orders to seal to keep them from public view. *Wecht*, 484 F.3d at 209, 213. To the extent discoverable documents become judicial records, the right of access applies barring any significant countervailing interests.

Here, the Exhibits attached to all three filings should be unsealed before the May 2, 2024, evidentiary hearing. The hearing will be public, it is on a pretrial motion, and the exhibits from those filings will be referenced – likely by both parties – throughout the hearing. Either party might seek to have the exhibits admitted, used as demonstratives, or otherwise show them to witnesses on the stand.

The interest in public proceedings outweighs any significant countervailing interest in keeping the materials sealed. Naser has never had any interest in sealing these materials; defense counsel did so at the outset of these filings as a courtesy to the

government and to get all of the materials in front of the Court without delay. Naser sees within them no government interest grave enough to warrant their continued sealing. None of the investigative tactics referenced within the materials are abnormal or secretive. They include references to open-source searches, physical surveillance, subpoenas, and coordination of efforts between local, state, and federal law enforcement – all of which are known investigative tools. Moreover, Russell Dennison, to the government's knowledge, is dead.[3]

### III.   CONCLUSION

This Court should enter an order that all exhibits attached to ECF 94, ECF 105, and ECF 108 be unsealed.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Amanda Bashi & James Gerometta
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  April 26, 2024

---

[3] Gov't Resp. Brief, ECF No. 105, PageID.1005.

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 26, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

Signed,

s/Amanda N. Bashi

Dated:  April 26, 2024

6