UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           CR. NO. 22-20504

v.                                            Hon. Jonathan C. Grey

AWS NASER,

        Defendant.

---

**AWS NASER'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH**

---

On June 18, 2024, the Government filed a motion to quash and unseal matters related to this Court's legal and appropriate grant of an *ex parte* subpoena under Rule 17(c). This motion should be denied for a number of reasons.

1. The *ex parte* subpoena request and grant were appropriate and authorized by LCrR 17.1. The Government points out that not all jurisdictions provide for *ex parte* applications for Rule 17(c) subpoenas. This is true but irrelevant. This district expressly allows for such applications under the local court rules. To the extent the Government thinks this is inappropriate, they have a representative on the local rules committee who can request that the local court rule be changed. Until it is changed, it is the rule.

The Government cites two cases, from 2013 and May 2017, in which judges of this district allowed the Government to respond to requests for Rule 17(c) subpoenas.

Both these cases were decided before July 1, 2017, the date on which this Court adopted the current local rule (likely in response to these cases). As such, these cases are irrelevant.

2. The requested communications are a valid subject for a Rule 17(c) subpoena. The defendant's motion to suppress is based on the collusion between the FBI and the MDOC that resulted in a search of Mr. Naser's home by a federal TFO under the ruse of him acting as an MDOC parole agent. The communications between the FBI and MDOC are extrinsic evidence of this conspiracy. They can be marked as exhibits and admitted into evidence. There may be some crossover between the communications as admissible exhibits and prior statements of witnesses under Federal Rule of Criminal Procedure 26.2, but this does not mean that they are no longer the proper subject of a subpoena. Rule 26.2 governs the obligation to produce statements; it is not a privilege rule allowing third parties to withhold information otherwise subject to a subpoena.

3. Finally, the Government lacks standing to object to this subpoena. "The Court of Appeals for the Sixth Circuit has . . . questioned whether a party to a criminal case has standing to move to quash the opposing party's Rule 17 subpoena." *United States v. Bunch*, No. 3:09-CR-57, 2009 WL 3245773, at *2 (E.D. Tenn. Oct. 2, 2009) (citing *United States v. Compton*, Nos. 93–1649, 93–1712, 1994 WL 328303, *3 (6th Cir. July 1, 1994) (noting that the universities subject to the subpoenas should have been the entities to challenge the subpoenas as unreasonably burdensome); *United States v. Justice*, No. 00–1075, 2001 WL 820902, *6 n. 2 (6th Cir. June 25, 2001) (citing Compton

as questioning whether a party, here the defendant, had standing to challenge a Rule 17(c) subpoena to a third party).

The Michigan Attorney General represents the MDOC. They have not moved to quash the subpoena and have stated that they will comply with the Court's order. Whether or not they have adequately complied is an open question but is not relevant. The Government's motion should be denied.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/James Gerometta & Amanda Bashi
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  June 19, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

Signed,

s/James Gerometta

Dated:  June 19, 2024