**LEWIS & DICKSTEIN, P.L.L.C.**
*attorneys and counselors at law*

Loren M. Dickstein   Randall M. Lewis
George MacAvoy Brown   Spencer M. Bondy

**2000 Town Center, Ste. 2350 – Southfield, Michigan 48075-1188**   Office: (248) 263-6800 - Fax: (248) 357-1371

August 10, 2020

Michael C. Eagen
Chairperson
Michigan Parole Board
Michigan Department of Corrections
P.O. Box 30003
Lansing, MI 489091
*Sent via US Mail, fax to (517) 335-0039, and email to EagenM@michigan.gov & MooreA@michigan.gov*

      Re:  Aws Naser, MDOC #895010

Dear Mr. Eagen,

It has been over a month since I wrote to you on July 7th and I have yet to receive any response. I continue to ask for the information requested in that letter.

I remain confused about why an incident that allegedly occurred in 2017, and already led to Mr. Naser's parole being violated years ago, was the basis for reconsidering the decision to grant parole in 2020. When the decision was made on January 2, 2020 to grant parole, the Board was aware of the 2017 allegations that sprung from a personal protection order that Mr. Naser contested, the court amended, and has since expired. The order was entered on August 10, 2017, three years ago today. Its existence has been no secret for a long time.

Your letter of June 25th indicates that the reconsideration of the decision to grant Mr. Naser parole was based on the following during the week of February 17th: "Mr. Naser described his actions as having to 'force' his wife out of the home." There are two issues here. First, the documentation I have states that the parole action was actually taken weeks before, on January 24th. Second, Mr. Naser denies ever stating that he used physical force against his wife. He speculates that his words were misinterpreted and he was discussing "force" in the sense of legally compelling a person to do something. His wife was in his house and the PPO forbid him from entering it. It is possible that he said he was required to go to court to "force" her out. It is my understanding that there should be a recording of this hearing where he allegedly discussed force and, in addition to my earlier requests, I ask that you review that recording and provide a copy to me. Mr. Naser is adamant that he never said he used physical force against his wife. If, as you stated, that is the basis for reconsidering the January 2nd decision to grant Mr. Naser

parole, we respectfully request that the Board reconsider that reconsideration because it is based on an error.

I do not believe it is unreasonable to request some form of response within the next two weeks. Mr. Naser remains incarcerated based on a misinterpretation of his description of an alleged event that occurred over three years ago and was already the basis for violating his parole. My client is confident that a review of the recording from the hearing will confirm his recollection and I am hopeful that such a confirmation will be sufficient to reinstate the January 2nd parole action.

Again, thank you for your time. Please do not hesitate to contact me with questions or concerns.

                                          Respectfully,

                                          George MacAvoy Brown