UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                             Case No. 22-20504

v.                                      HON. JONATHAN J.C. GREY

AWS MOHAMMED NASER,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL EXHIBITS FOR EVIDENTIARY HEARING (ECF No. 125)**

**I.    INTRODUCTION**

Defendant Aws Naser filed multiple motions to suppress, including a motion to suppress evidence from MDOC parole searches. (ECF No. 94.) After the parties briefed that motion and the Court scheduled a hearing on it, Naser filed a motion to unseal exhibits attached to the parties' briefs, including the government's exhibits 1–8 and Naser's exhibits A–D. (ECF No. 125.) The motion has been fully briefed, and the Court heard argument on the motion.[1] (ECF No. 171.)

---

[1] In its response to the motion to unseal exhibits, the government "requests" that the Court allow it to withdraw its exhibits. The Court denies that "request" because a party must file a motion to obtain that relief. *See* E.D. Mich. L.R. 7.1(d).

At the hearing, the Court denied Naser's motion to unseal exhibits with respect to government's exhibits 1–4 but held the balance of the motion to unseal exhibits in abeyance pending more information from the government. (*Id.* at PageID.1949–1951.) The government timely submitted the additional information requested by the Court. (ECF No. 161.) For the reasons that follow, the motion to unseal exhibits is **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

The Court must determine whether to unseal the following items (collectively, "the Exhibits"):

A. **Naser's Exhibits**

- Exhibit A – Redacted FBI Reports regarding government surveillance of Naser, government officers' communication with MDOC Parole Officers

- Exhibit B – Naser's MDOC Parole Records

- Exhibit C – Search Warrants & Accompanying Affidavits

- Exhibit D – Redacted FBI reports of surveillance, seizures, and opensource search results

B. **Government Exhibits**

- Exhibit 1 – Redacted FBI Report Regarding Russell Dennison

2

- Exhibit 2 –Russell Dennison Criminal Complaint Affidavit

- Exhibit 3 – Redacted Emails Allegedly Between Naser & Dennison

- Exhibit 4 – Redacted TSA Luggage Report

- Exhibit 5 – Redacted Reports and Interviews ("302s") prepared by Parole Agent Derrick Bond, Parole Agent Cynthia Simon, Task Force Officer Charles Wright, Task Force Officer Megan McAteer, Special Agent Jeffrey O'Donnell, Task Force Officer Jonathan Tate

- Exhibit 6 – Redacted FBI Report of open-source search results

- Exhibit 7 – Photos of the inside of Naser's home

- Exhibit 8 – Redacted FBI Report of Paltalk chatroom activity by user "MuslimX1" (unmarked)

The Court previously denied Naser's motion to unseal exhibits with respect to government exhibits 1–4. (See ECF No. 171, PageID.1949, 1953.)

## III. ANALYSIS

The Court first notes that it has held the hearings on the underlying motions (ECF Nos. 94, 117) to which the Exhibits were relevant. To the extent necessary and determined by the Court to be properly admissible for purposes of the hearing, each party had an opportunity to utilize the content of the Exhibits. For that reason, Naser's stated purpose for

3

unsealing the exhibits in advance of the hearing (*See* ECF No. 125, PageID.1213–1214 ("The parties will need to reference exhibits freely and repeatedly throughout witness testimony and argument.")) is moot, as the parties referenced the exhibits freely and repeatedly at the hearings.

Naser also argued that he maintains a right to a public prosecution, which outweighs any countervailing interest in keeping the materials sealed. (*Id.* at PageID.1214.) For that reason, the Court concludes that it is still necessary to address the motion to unseal exhibits.

The "Constitution requires that members of the public and the media have the opportunity to attend criminal trials and to report what they have observed," but there is no constitutional right to **access** the exhibits. *United States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986) (citing *Nixon v. Warner Comm'ns*, 435 U.S. 589, 610 (1978)). The *Beckham* court also concluded that, although there is a common-law right to inspect and copy public records and documents, "this right is not absolute and that a court may exercise supervisory powers over the materials in its custody." *Id.* (citation omitted).

4

Government exhibit 5 is a compilation of FBI Form FD-302s that summarizes information gathered by FBI agents, but they are not witness statements based on "notes from the interview were read back to and verified by the witness" where "the report summarized the notes without material variation." *United States v. Nathan*, 816 F.2d 230, 236–237 (6th Cir. 1987). *See also Palermo v. United States*, 360 U.S. 343, 352 (1959); *United States v. Carroll*, 26 F.3d 1380, 1391 (6th Cir. 1994). Nor has Naser identified any other authority that would support the admission of the content of government exhibit 5.

Government exhibit 6 is a redacted FBI Form FD-1057 regarding an open-source analysis conducted on Naser's cell phone. Government exhibit 7 is a set of photos of items in Naser's bedroom that were taken during an MDOC parole visit on May 19, 2017. The government did not challenge either of these exhibits specifically, and the Court finds that there is nothing in government exhibits 6 or 7 that necessitates either being filed under seal. Government exhibit 8 is a FD-302 that contains information gleaned pursuant to federal grand jury subpoenas.

The Court notes that FD-302s generally are not discoverable under the Jencks Act, especially when not adopted. *See United States v. Farley*,

5

2 F.3d 645, 654–655 (6th Cir. 1993) (where there was "no proof that the statement was adopted or approved . . . it was not clearly erroneous to deny defendants access to the FBI 302."). *See also United States v. Augenblick*, 393 U.S. 348, 354–355 (1969); *United States v. Arnold*, 890 F.2d 825, 829 (6th Cir. 1989); *Nathan*, 816 F.2d at 237. Parties also generally may not publish the contents of an FD-302 at trial, nor suggest that the language in an FD-302 is a statement of the witness, *United States v. Marks*, 816 F.2d 1207, 1210–1211 (7th Cir. 1987), nor can an FD-302 be used to impeach a witness on cross-examination. *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005), *abrogated on other grounds by United States v. Booker*, 543 U.S. 2222 (2005).

For the reasons set forth above, the motion to unseal exhibits is **GRANTED** with respect to government exhibits 6 and 7 but **DENIED** as to government exhibits 5 and 8.

As to Naser's exhibits, exhibit A is comprised of various FBI reports. Many of the reports document the FBI's surveillance of Naser. The Court is not persuaded that unsealing the surveillance reports, even if the techniques or findings are not controversial or novel, is warranted. Typically, such reports would not be admissible at trial, and Naser has

not explained why unsealing them would be appropriate for purposes of the underlying motions. Other reports in Naser exhibit A summarize information provided by Naser's MDOC parole agents. Based on *Palermo*, *Nathan*, and *Carroll*, *supra*, the Court concludes that those reports should not be unsealed. For the same reasons that the Court will not unseal Naser's exhibit A, Naser's exhibit D (surveillance reports, summary information, and open-source searches) will not be unsealed.

Naser's exhibit B contains some of Naser's MDOC records. Exhibit C consists of six search warrants pertaining to property related to Naser. Such records are not typically admissible at trial, and the Court does not find that Naser has demonstrated a basis for unsealing them for purposes of the underlying motions.

Accordingly, the Court **DENIES** the motion to unseal exhibits with respect to Naser's exhibits A–D.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, **IT IS ORDERED** that Naser's motion to unseal exhibits (ECF No. 125) is **GRANTED IN PART** and **DENIED IN PART**.

7

**IT IS FURTHER ORDERED** that the motion to unseal exhibits is **GRANTED** with respect to government exhibits 6 and 7 but **DENIED** as to government exhibits 1–5 and 8 and Naser's exhibits A–D.

**SO ORDERED.**

Dated: December 30, 2024      **s/Jonathan J.C. Grey**
　　　　　　　　　　　　　　　Jonathan J.C. Grey
　　　　　　　　　　　　　　　United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email on the Notice of Electronic Filing on December 30, 2024.

**s/ S. Osorio**
Sandra Osorio
Case Manager