UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CRIMINAL NO. 22-CR-20504

v.                                      HON. JONATHAN J.C. GREY

AWS MOHAMMED NASER,

        Defendant.

**GOVERNMENT'S MOTION IN LIMINE REGARDING PROTECTIONS FOR COVERT WITNESSES AND INVESTIGATIVE TACTICS COVERED BY LAW ENFORCEMENT PRIVILEGE**

The United States moves *in limine* seeking protective measures for covert law enforcement witnesses and to prohibit questions pertaining to certain law enforcement tactics pursuant to the law enforcement privilege. Pursuant to Local Rule 7.1, the Government sought but did not obtain concurrence in the requested relief.

Jury trial is scheduled to begin on May 6, 2025. During this trial, the government intends to produce at least one witness whose identity should be protected given the covert nature of their work. Accordingly, through this motion, the government seeks to implement certain protective measures for witnesses from the Federal Bureau of Investigation's ("FBI") Special

Surveillance Group ("SSG"). These SSG witnesses are part of a highly confidential FBI unit of investigative specialists who conduct covert surveillance as part of investigations. Any disclosure of these covert law enforcement witnesses' identities and related information could jeopardize current and future investigations, law enforcement tactics, and most importantly, their safety.

To protect their identities, the government respectfully requests that the Court implement the specific protective measures during each of these witnesses' court appearances and testimony. All these requested measures have been previously implemented in federal cases and found to be reasonable limits on the defendant's rights. *See e.g.*, *United States v. Alimehmeti*, 284 F. Supp. 3d. 477 (S.D.N.Y. 2018); *United States v. Miah*, No. CR. 21-110, 2021 WL 5605088 (W.D.Pa. Nov 29, 2021). Specifically, the government respectfully requests:

- Having covert law enforcement (e.g., SSG) use pseudonyms when testifying at trial, without publicly disclosing their true identities *United States v. Alimehmeti*, 284 F. Supp. 3d. 477 (S.D.N.Y. 2018) (stating that it is reasonable to allow covert law enforcement officers to testify under pseudonyms as a means of protecting officers' safety and ability to continue working undercover).

- Prohibiting the defense, including the defendant should he decide to testify, from referring to the covert law enforcement (e.g., SSG) by using their true names at trial or in pretrial pleadings or hearings. *United States v. Alimehmeti*, 284 F. Supp. 3d. 477 (S.D.N.Y. 2018) (stating that restricting the defense from publicly eliciting information pertaining to an undercover officer's true name is reasonable particularly when the undercover officer's identity is neither exculpatory nor relevant to the trial).

- Prohibiting defense from asking questions or otherwise seeking information concerning the covert law enforcement's (e.g., SSG) identity, family, ongoing investigations, or investigative history or background. *United States v. Alimehmeti*, 284 F. Supp. 3d. 477 (S.D.N.Y. 2018) (restricting the defense's public elicitation of information is reasonable when the protected information is neither exculpatory nor relevant).

- Allowing covert law enforcement (e.g., SSG) to use a non-public entrance and exit to the courthouse and the courtroom. *United States v. Alimehmeti*, 284 F. Supp. 3d. 477 (S.D.N.Y. 2018) (holding that undercover law enforcement officer may use nonpublic entrances and exits, including entering court via a nonpublic entrance, to prevent members of the public from observing the officers and, therefore, compromising the officers' continued ability to work in an undercover capacity).

- Permitting covert law enforcement (e.g., SSG) to use a light disguise, which appears natural and does not alert the jury to their altered appearance. *United States v. DeJesus-Casteneda*, 705 F.3d 1117, 1121 (9th Cir. 2013) (despite witness' disguise involving wig and mustache, his reliability was assured because the four elements of confrontation were satisfied).

In addition to being supported by law and applied in other federal trials, these protective measures are also permitted under the law enforcement privilege. This privilege allows the government to withhold documents and empowers a court to prohibit or limit cross examination so as "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *United States v. Alimehmeti*, 284 F.Supp.3d 477, 493 (S.D.N.Y. 2018) (citing *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)). *See also United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir. 1987); *G-69 v. Degnan*, 130 F.R.D. 326, 332 (D.N.J. 1990).

To that end, and pursuant to the law enforcement privilege, the government further requests that during trial and other court proceedings in this matter that the defense be precluded from:

- Asking questions or otherwise seeking information concerning the SSG program or their specific surveillance tactics and/or methods and means other than those used by the witnesses being questioned in their surveillance of Naser and Russell Dennison.
- Asking questions or otherwise seeking information concerning communications platforms used by covert law enforcement (e.g., SSG).

These aforementioned law enforcement techniques are protected by the law enforcement privilege. Accordingly, courts have held that disclosure of such tactics and protected information, including law enforcement techniques and procedures, would undermine the confidentiality these tactics, and endanger witness and law enforcement personnel. *United States v. Alimehmeti*, 284 F.Supp.3d 477, 493 (S.D.N.Y. 2018) (*citing In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). *See also United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir. 1987).

These requests will not prejudice the defendant. The SSG witnesses will be relatively minor witnesses who will testify only to seeing Naser on certain occasions, including travel from his home to the airport. The various case agents and supervisors who led the investigation into Naser have already testified in person in true name at various hearings and will do so again at trial. The names of these covert law enforcement witnesses were provided to the defense in discovery, allowing them to conduct any research they need to

5

assist in their cross-examination. Moreover, nothing in this motion entails the government's discovery responsibilities under The Jencks Act and *Giglio v. United States*, 405 U.S. 150 (1972). The defense will be timely provided with any appropriate impeachment information in the government's possession.

Accordingly, the government requests that the aforementioned protective measures and trial procedures be implemented for any covert law enforcement witnesses (e.g., SSG) and prevent the defense from inquiring about these law enforcement tactics, methods, platforms, and related information pursuant to the law enforcement privilege. A proposed order is attached.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court grant its motion to provide the requested protections to covert law enforcement witnesses.

JULIE A. BECK
ACTING UNITED STATES ATTORNEY

/s/ Saima Mohsin
Saima Mohsin
Jerome Gorgon
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, MI 48226
Saima.Mohsin@usdoj.gov

                                    Jerome.Gorgon@usdoj.gov
                                    (313) 226-9100

                                  <u>/s/ Dmitriy Slavin</u>
                                  Dmitriy Slavin
                                  Trial Attorney
                                  National Security Division
                                  Department of Justice
                                  Dmitriy.Slavin@usdoj.gov
                                  (202) 616-2846

Dated: April 3, 2025

## INDEX OF EXHIBITS

<u>Sealed Exhibit 1</u>: Declaration