UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              CR. No. 22-20504

v.                                           Hon. Jonathan J.C. Grey

AWS NASER,

        Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S PROPOSED EXHIBIT 5-1

Aws Naser moves, *in limine*, for an order to exclude the government's proposed exhibit 5-1 pursuant to FRE 404(b) and FRE 403. On March 31, 2025, the government disclosed a summary exhibit chart (and accompanying exhibits) to Naser that included a folder labeled "Exhibit 5-1 Weapons." The folder contains 81 files and includes images of weapons, product reviews and advertisement videos of weapons, and Internet searches relating to the purchase of weapons. There is nothing that indicates the searches or weapons advertised were unlawful. According to the government's disclosure, the files were generated between October 18, 2012 and November 4, 2012. However, whether each of the files originated from Naser's devices is not contained within the disclosure.

1

The files are inadmissible propensity evidence under 404(b). Dozens of videos and images of weapons will result in an unavoidable inference by the jury that Naser tended to act in accordance with his search history. If the government intends to present any of these files for a permitted use under 404(b)(2), then it has not provided Naser with required notice of that intent. FRE 404(3).

These files are also inadmissible under FRE 403 because the minimal probative value they offer is outweighed by the substantial dangers of unfair prejudice, confusing the issues, inefficiency, and needlessly presenting cumulative evidence. At a minimum, the government's proposed exhibit should be substantially reduced so as to not be cumulative, and only include files that do not violate Rules 404(b) and 403.

Pursuant to Local Rule 7.1, counsel sought concurrence from the government but did not receive a response.

**BRIEF IN SUPPORT**

Exhibit 5-1 is inadmissible propensity evidence and should be excluded. The government's desire to admit the acts of searching for information about lawful weapons and seeking to purchase those same weapons violates Rule 404(b). Courts determine the admissibility of evidence under Rule 404(b) in three steps: 1) "whether there is a sufficient factual basis that the act occurred;" 2) "whether the act is being offered for an appropriate reason;" and 3) "whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial." *United*

*States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2013) (citing *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013)).

The first prong, sufficient factual basis, lies with the proponent of the evidence. Here, the government's disclosure is lacking: for several files, it is unclear what the original source is, or if they depict Naser's acts at all (for example, lengthy product demonstration videos). As a threshold matter, the government must prove these images and videos are not only the products of Naser's search history but are also videos he viewed. Presently, this is unclear.

Next, the government does not offer the evidence of prior acts for an appropriate reason. Most of the files relate to weapons that are not included in the indictment or otherwise factually related to the allegations. Their inclusion in the government's case without a clear nexus to the allegations and in such a significant quantity will only serve a propensity purpose at trial. *See e.g., United States v. Segui*, No. 19-CR-188(KAM), 2019 WL 8587291, at *13 (E.D.N.Y. Dec. 2, 2019) (excluding Internet search history records that "bear fewer parallels" to charged conduct); *United States v. Mitchell*, No. CR-22-01545-001-TUC-RM (EJM), 2024 WL 3567857, at *4 (D. Ariz. July 29, 2024) (same) ("[T]he Government can present a straightforward narrative of the alleged crimes without these searches because this case does not involve [various search terms] . . .").

Even where some files include searches or images of items that are associated with indicted overt acts, the government does not require numerous redundant images

3

and videos to prove allegations such as "[Naser] searched the internet for a 'Glock 9mm.'" (ECF No. 162, Second Superseding Indictment, PageID.1509). Nor is it necessary for the government to show product advertisements and demonstrations by the weapon manufacturers to the jury if the government's goal is to prove the allegations contained in the indictment. In the 404(b) analysis, this Court must consider "whether there are alternative sources of proving the same facts." *United States v. Delaney*, 443 F. App'x 122, 133 (6th Cir. 2011). Here, the combination of cumulative evidence—for example, an internet search, image, and product video for the same knife—and the inclusion of many weapons not material to the charges will create an improper propensity inference by the jury when the government need not introduce each piece of evidence to prove the same fact.

If the government is seeking to admit Naser's acts for a permitted use under Rule 404(b)(2), it has not provided the required notice of that use under Rule 404(b)(3). Nor can it argue that such a proper use exists. The only possible inference from the files is that because Naser searched for weapons online in Time 1, he is more likely to have acted in some criminal capacity with a weapon in Time 2. With this risk looming, and without a proper purpose, the Court should not admit the evidence.

Finally, any probative value of the files is substantially outweighed by the danger of undue prejudice they will cause. Presenting multiple files for individual items is needlessly cumulative and will waste time better spent on the charged conduct at issue. At a minimum, the government's proposed exhibit should be reduced to contain only

4

one offering of proof per weapon, and then only when that weapon is material to the government's case and does not otherwise violate Rules 404(b) or 403.

The government's proposed exhibit 5-1 also creates a substantial danger of confusing the issues in this case. It was not illegal for Naser to search for weapons or, in fact, to legally purchase them. Many people purchase tactical knives or swords for personal collections or legal outdoor activities. None of the files in exhibit 5-1 relate to the government's allegations that Naser sought to travel with weapons he had purchased, nor does the proposed exhibit show that Naser purchased any of the weapons he researched. In other words, the files in exhibit 5-1 have minimal bearing on Count One and no bearing on Count Two.[1] Their inclusion on such a numerous scale will only serve to confuse the issues for the jury.

Evidence may also be excluded for unfair prejudice when "evidence tends to suggest [a] decision on an improper basis." *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (quoting *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)). "Such improper grounds include "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (quoting *Old Chief v, United States*, 519 U.S. 172, 180-81 (1997)). For example, here, one image put forward

---

[1] The online searches occurred before Naser's felony conviction in 2012. Still, allowing the government to introduce the evidence runs a significant risk of the jury confusing this timing as to Count Two.

5

by the government shows a dead animal next to a gun. Not only does the image have no bearing on this case, it has the "undue tendency" to inflame and thereby "suggest a decision based on improper considerations," *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (internal citation omitted).

The images and product videos of the various weapons have little probative value from the start, but that value is substantially outweighed by their danger of prejudice, confusion, waste of time, and needlessly presenting cumulative evidence. If exhibit 5-1 is not excluded under Rule 404(b) alone, then it should be excluded or substantially reduced under Rule 403.

## **CONCLUSION**

For the reasons set forth above, Naser respectfully asks the Court to grant his motion and exclude the government's proposed exhibit 5-1.

Respectfully Submitted,

**FEDERAL COMMUNITY DEFENDER**

Dated: April 2, 2025

s/ Amanda N. Bashi
AMANDA N. BASHI
RIYAH BASHA
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5845
amanda_bashi@fd.org

s/ James R. Gerometta
**Law Office of James R. Gerometta**
27 E. Flint St., Suite 2
Lake Orion, MI 48362
313-530-9505

6

## CERTIFICATE OF SERVICE

      I hereby certify that on April 3, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

      Signed,

      s/Amanda N. Bashi

Dated: April 3, 2025