No. 24-2044

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 25, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AWS MOHAMMED NASER, | ) | |
| | ) | |
|     Defendant-Appellant. | ) | |

Before: NALBANDIAN, MURPHY, and RITZ, Circuit Judges.

Defendant Aws Mohammed Naser appeals the district court's order denying his motion for pretrial release. The government opposes reversal. The parties waive oral argument. The facts and legal arguments are adequately presented on the briefs; thus, we unanimously agree that oral argument is not necessary. Fed. R. App. P. 34(a)(2)(C).

A defendant must be detained pretrial if, after conducting a hearing, a judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). We review a district court's factual determinations for clear error and review mixed questions of law and fact (including whether detention is warranted) de novo. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and

firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

As an initial matter, since he is charged with attempting to provide material support and resources to a foreign terrorist organization, Naser faces a presumption of detention. 18 U.S.C. §§ 3142(e)(3), 2332b(g)(5)(B), 2339B(a)(1). To rebut this presumption, "he must introduce at least some evidence" that he is neither a danger to the community nor a flight risk. *Stone*, 608 F.3d at 945. Naser argues that he does not pose a danger to the community because he never had a concrete plan to commit violence, and his past conduct is outdated and less probative of his dangerousness. He argues that he is unlikely to flee because his immediate family lives in Michigan, he is on the no-fly list, the government confiscated his passport, and he is invested in defending himself publicly at trial. However, even assuming without deciding this evidence is sufficient to overcome the presumption in favor of detention, Naser is still not necessarily entitled to release.

If a defendant satisfies his burden of production, the rebutted presumption becomes one of several other factors that must be weighed by the district court under § 3142(g). *Id.* The presumption "represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *Id.* at 946 (omission in original) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). The remaining factors a district court considers are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)−(4).

The first factor includes whether the charged offense is a federal crime of terrorism or involves a destructive device. 18 U.S.C. § 3142(g)(1). The charges here involve both, and Naser faces statutory maximum sentences of twenty and fifteen years, respectively. 18 U.S.C. §§ 2339B(a)(1), § 924(a)(8). Further, terrorism crimes "are among the most serious with which a defendant in federal court can be charged," and their "grave nature . . . weighs heavily in favor of continued detention." *United States v. Musaibli*, No. 18-20495, 2022 WL 1695765, at *10 (E.D. Mich. May 26, 2022); *see United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) ("Terrorism represents a particularly grave threat because of the dangerousness of the crime and the difficulty of deterring and rehabilitating the criminal." (quoting United States v. Mumuni, 946 F.3d 97, 112−13 (2d Cir. 2019))).

As to the circumstances of the charged offenses, the parties offer vastly different interpretations of Naser's activities, specifically his intention and ability to construct an explosive device from items found in his home. While Naser argues that law enforcement discovered only glass jars and common household cleaning products on different floors of the house, the FBI's Explosives Unit expert concluded that Naser possessed the three key ingredients to make a highly unstable explosive, various electronic components commonly used to make initiators and firing switches, and "fragmentation"—here, hunting pellets—that can be put inside an explosive device and cause significant damage when expelled.

As to the terrorism charge, Naser argues that all of the activities cited by the government occurred years ago. However, Naser has been incarcerated most of that time, and when he was released on parole, he engaged in the activities that gave rise to the present charges. Naser participated in pro-ISIS chatrooms and encouraged others to take action in the real world. He also researched and downloaded instructions on how to make a bomb and, according to the FBI, had

all of the components needed to build an IED in his basement, ready to assemble. Naser traveled to Iraq in 2012 with another ISIS sympathizer who joined and fought for ISIS, and Naser told others that while he was in Iraq, he killed a man, robbed his store, and gave the money to ISIS. Taken together, this factor strongly favors detention.

The second factor "goes to the weight of the evidence of dangerousness [or risk of flight], not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948; *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Naser has a long history of expressing and attempting to act on his pro-ISIS sympathies. He also has a history of violent behavior towards others: he robbed and pepper-sprayed a gas station employee who was also his co-worker, vandalized a different gas station, slashed another former co-worker's tires, had a personal protection order taken out against him by his wife, and has received multiple misconduct violations while incarcerated, including for violence against others. Finally, Naser has possessed a number of weapons over the years, including while on parole. Thus, the weight of the evidence of dangerousness supports detention.

The history and characteristics of a defendant, the third factor, include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). It also includes whether the defendant was on parole when he committed the charged offenses. *Id.* § 3142(g)(3)(B). Naser has family in the community. But he has a record of violence against them, although the conduct was never charged. Naser has been employed but, as explained, has twice attacked former co-workers, including while on parole. Naser attended community college but was expelled from one due to violent behavior. And, as established,

Naser's past conduct and criminal history show a pattern of violent behavior. Naser's past conduct also includes violating his parole by lying to his parole officer about his cell phone and social media use. The factor does not support release.

The final factor, the nature and seriousness of the danger to others if Naser is released, weighs in favor of detention. Naser has been a danger to his family and his co-workers, allegedly helped murder a man, and has encouraged other ISIS supporters to take real-world action. While incarcerated, Naser has continued a pattern of violent behavior. This factor weighs against release.

Viewing all of the § 3142(g) factors together, we conclude that Naser poses a danger to the community and no conditions of release will reasonably assure the safety of the community or Naser's appearance at trial. Accordingly, the district court's order is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk